**IN THE COURT OF APPEALS OF IOWA**

No. 21-0257
Filed May 12, 2021

**IN THE INTEREST OF O.K. and C.K.,**
**Minor Children,**

**M.S., Mother,**
        Appellant.
_____

Appeal from the Iowa District Court for Crawford County, Mary L. Timko, Associate Juvenile Judge.

A mother appeals the termination of her parental rights to her children. **AFFIRMED.**

Dean A. Fankhauser of Vriezelaar, Tigges, Edgington, Bottaro, Boden & Lessman, L.L.P., Sioux City, for appellant mother.

Thomas J. Miller, Attorney General, and Chandlor Collins, Assistant Attorney General, for appellee State.

Lori Kolpin of Kolpin Law Firm P.C., Aurelia, attorney and guardian ad litem for minor children.

Considered by Mullins, P.J., May, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**CARR, Senior Judge.**

A mother appeals the termination of her parental rights to her children, born in 2016 and 2017. She challenges the juvenile court's determination that termination is in the children's best interests. We review her claim de novo. *See In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018).

The juvenile court removed the children from the home in June 2019 and adjudicated them children in need of assistance (CINA) in September 2019 due to concerns about the condition of the mother's apartment, her substance use, and individuals she allowed to be around the children. The mother made little progress in the year that followed. In August 2020, the State petitioned to terminate her parental rights under Iowa Code section 232.116(1)(e) and (h) (2020). The termination proceedings were delayed to grant additional time for reunification, but the mother squandered that time. After the termination hearing concluded in January 2021, the juvenile court entered its order terminating the mother's parental rights on both grounds.

The only issue on appeal is whether terminating the mother's parental rights is in the children's best interests. *See* Iowa Code § 232.116(2); *In re D.W*, 791 N.W.2d 703, 706-07 (Iowa 2010). In determining best interests, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). The "defining elements" are the child's safety and "need for a permanent home." *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted).

The mother argues termination is contrary to the children's best interests because she has "a strong bond" with them, "is capable of providing long-term nurturing care," and "has taken great strides to address the issues that led to adjudication and removal." But the record contradicts these claims. The evidence instead shows that the mother only engaged in services for short periods of time and that any improvements she made were short lived. As a result, the concerns that led to the CINA adjudication continue to exist. As the juvenile court observed, the mother is unable to financially support the children, provide a safe physical environment for the children, put the children's needs ahead of her own, or prioritize reunification over her need for male companionship. It is telling that the mother failed to appear for the last day of the termination hearing and called two and one-half hours later to say she did not hear her alarm or the phone calls and text messages sent to inquire as to her whereabouts. As the juvenile court noted, "This should have been a day when scheduling was priority number one. Clearly, it was not."

"While we recognize the law requires a 'full measure of patience with troubled parents who attempt to remedy a lack of parenting skills,' Iowa has built this patience into the statutory scheme of Iowa Code chapter 232." *In re C.B.*, 611 N.W.2d 489, 494 (Iowa 2000) (citation omitted). Iowa Code section 232.116(1)(e) and (h) allow termination of parental rights after six months. *See* Iowa Code § 232.116(1)(e)(2), (h)(3). The mother had more than fifteen months in which to remedy the concerns that led to the CINA adjudication and failed to do so. At the same time, the children "grew more and more secure in their current placement." Considering the children's need for safety and permanency, we agree that

terminating the mother's parental rights is in the children's best interests. *See In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014) (holding that "we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child" (quoting *In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010))); *accord In re R.J.*, 436 N.W.2d 630, 636 (Iowa 1989) (noting that "patience on behalf of the parent can quickly translate into intolerable hardship for the children").

We affirm the termination of the mother's parental rights to the children.

**AFFIRMED.**